**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| ROBERT WILLIAM SLOAN, )<br>V. JEAN SLOAN, )<br>　　　　)<br>　　　Plaintiffs, )<br>v.　　　　　　　　　　　)　　No. 1:05-cv-0370-JDT-TAB<br>　　　　)<br>STATE OF INDIANA, et al., )<br>　　　　)<br>　　　Defendants. ) | |

**Entry Discussing Motion for Rehearing**

Final judgment was entered on the clerk's docket in this action on February 6, 2006. The plaintiffs' post-judgment motion for rehearing was filed with the clerk on February 21, 2006. The post-judgment motion was filed on the 10th working day from the entry of judgment on the clerk's docket, and hence is treated as a motion to alter or amend judgment pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure. Lac du Flambeau Band of Lake Superior Chippewa Indians v. Wisconsin,* 957 F.2d 515, 517 (7th Cir. 1992); *Charles v. Daley,* 799 F.2d 343, 347 (7th Cir. 1986).

Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact. *See Bordelon v. Chicago Sch. Reform Bd. of Trs.,* 233 F.3d 524, 529 (7th Cir. 2000). Rule 59(e) requires that the movant "clearly establish" one of the aforementioned grounds for relief. *Romo v. Gulf Stream Coach, Inc.,* 250 F.3d 1119, 1122 n.3 (7th Cir. 2001). The purpose of such a motion is to bring the court's attention to newly discovered evidence or to a manifest error or law or fact. *E.g., Bordelon v. Chicago School Reform Bd. of Trustees,* 233 F.3d 524, 529 (7th Cir. 2000).

There was in this case no manifest error of law or fact. *See Russell v. Delco Remy Div. of General Motors Corp.,* 51 F.3d 746, 749 (7th Cir. 1995). The court did not misapprehend the plaintiffs' claims, nor did it misapply the law to those claims. Accordingly, the post-judgment motion for rehearing, treated as a motion to alter or amend judgment, is **denied.**

  The plaintiffs conclude their motion for rehearing with the request that if the motion is denied the court "certify that genuine issues exist and [that] review by the appropriate Appellate Court is warranted." This alternative request is denied as unnecessary. The Rule 59(e) motion has suspended the finality of the Judgment entered on the clerk's docket on February 6, 2006, for purposes of filing a notice of appeal. *Stone v. INS,* 115 S. Ct. 1537, 1548 (1995) ("the majority of post-trial motions, such as Rule 59, render the underlying judgment nonfinal"), so if the plaintiffs wish to obtain appellate review of the decision their next step is to file a notice of appeal with the clerk of the district court within thirty (30) calendar days from the issuance of this Entry. Under *Fed.R.App.P.* 3(c), a notice of appeal must "specify the party or parties taking the appeal . . . designate the judgment, order, or part thereof being appealed[ ]  and . . . name the court to which the appeal is being taken."

  **IT IS SO ORDERED.**

Date:  03/14/2006

John Daniel Tinder, Judge
United States District Court

Copies to:

Robert William Sloan
3923 Barnor Drive
Indianapolis, IN   46226

V. Jean Sloan
3923 Barnor Drive
Indianapolis, IN   46226